22 So.2d 587

**STATE v. VARNADO et al.**

No. 37796.

April 30, 1945.

Ponder & Ponder, of Amite, for relator.

Fred S. Le Blanc, Atty. Gen., M. E. Culligan, Asst. Atty. Gen., Bolivar E. Kemp, Jr., Dist. Atty., of Amite, and J. A. Sims, Asst. Dist. Atty., of Hammond, for respondents.

HAMITER, Justice.

Defendants, L. F. Varnado and Sullivan May, invoked the supervisory jurisdiction of this court, following their conviction and sentence for conspiring to commit the crime of false imprisonment. They complain here of the overruling by the district judge ad hoc of their several motions: a motion to vacate the appointment of the judge ad hoc, a demurrer, a motion to quash the bill of information, a motion in arrest of judgment, and a motion for a new trial. To each ruling a bill of exceptions was reserved.

The record discloses that when the case was called for trial in the district court on November 22, 1944, defendants moved in writing for the recusation of both of the duly elected judges of the judicial district (21st), Honorable Robert S. Ellis, Jr., and Honorable Warren W. Comish, the motion containing various and sundry allegations. Whereupon the judges recused themselves, assigning as their reason therefor, in a written statement, that as defendants alleged they had a fixed opinion in the case, having previously heard the testimony given in a companion prosecution involving an almost identical factual situation. The written statement of the judges further recited:

"All of the other allegations contained in said motion are frivolous, false and untrue.

"It is therefore ordered that our recusations be entered upon the minutes and that Hon. Leon Ford, Attorney of the Tangipahoa Parish Bar and of the Twenty-first

Judicial District, and a resident of Hammond, La., be appointed to try said cases and the Clerk of Court is hereby instructed to notify him in accordance with Art. 306 of the Louisiana Code of Criminal Law and Procedure."

On November 27, 1944, the appointed judge ad hoc, after being sworn, ordered the arraignment of defendants, to which their counsel objected. On the overruling of the objection defense counsel filed the motion to vacate the appointment of the judge ad hoc, the demurrer, and the motion to quash the bill of information. All were overruled, bills of exceptions reserved, and the matter assigned for hearing on December 20, 1944.

Under the motion to vacate the appointment of the judge ad hoc it is argued that when both of the duly elected judges recused themselves a judge from another judicial district should have been assigned by the Supreme Court for the trial of the case, pursuant to Article 307 of the Code of Criminal Procedure which states: "Whenever any district judge is prevented by any cause whatever from holding court, and that fact is made to appear by the certificate of the clerk, under the seal of the court, to the Supreme Court, or to any justice thereof, if, in the judgment of the court, or any justice, the public interest so require, the court or such justice shall designate and appoint any district judge of any other district to hold said court and discharge all the duties of the judge so disabled during such disability. Such appointment shall be filed in the clerk's office of and entered on the minutes

of said district court, and a certified copy thereof, under the seal of the court, shall be transmitted by the clerk of the district court to the district judge so designated and appointed."

This article is clearly inapplicable here. It provides a procedure to be followed when a district judge is prevented from holding court because of illness or some other disabling cause and the Supreme Court, under the general power granted it by Article 7, Section 12 of the Louisiana Constitution, is required to name a substitute for him so "as best to carry out the purposes for which courts are created, and to secure the prompt and efficient administration of justice * * *."

Instead, in our opinion, Article 305 of the Code of Criminal Procedure governs. It specifically pertains to the trial of any criminal case in which the district judge is recused. The article reads: "In any criminal case in which a district judge shall be recused, those districts and parishes in which there shall be more than one district judge excepted, he shall, for the trial thereof, appoint a lawyer having the qualifications of a judge of the district court in which the recused case is pending, and if no such lawyer can be obtained at the term of the court at which the recusation is declared, the judge shall immediately appoint some district judge of an adjoining district to try the case, who shall be notified of his appointment in the manner provided by Article 306."

A literal interpretation of Article 305, of course, would restrict its application to a district having only one judge. Obviously the restriction was so stipulated by the Legislature because such body contemplated that in a district composed of two judges one of them would serve on the recusation of the other, and it viewed the possibility of both judges being recused in any single criminal case as exceedingly remote. The necessary implication of the article is that in a situation where both judges are recused, as in the instant matter, they shall "appoint a lawyer having the qualifications of a judge of the district court in which the recused case is pending * * *." That procedure was followed here; hence, the motion to vacate the appointment of the judge ad hoc was correctly overruled.

■ Defendants' attack upon the bill of information, by means of their motion to quash, was warranted. The information charges that "* * * one L. F. Varnado and one Sullivan May acting together and aiding and assisting each other * * * unlawfully did form a conspiracy to commit the crime of false imprisonment contrary to the form of the statutes * * *." Conspicuous therein is the failure or omission to name the person or persons upon whom the crime charged was allegedly committed.

Article 230 of the Code of Criminal Procedure as adopted in 1928 provided: "When the name of the person injured is substantial, and not merely descriptive, that is to say, when the injury is to the person, as in murder, rape or wounding, the indictment shall state the name of such person, or if unknown, that it is unknown, and if unknown, the indictment shall make it ap-

pear, by sufficient allegation, who was the party injured."

By Act 147 of 1942 the article was amended to the extent of substituting the word "battery" for the word "wounding".

Clearly, in view of the similarity of the language used, Article 230 of the Code of Criminal Procedure has as its basis the following statement found in Section 321 of Marr's Criminal Jurisprudence of Louisiana (2d Ed.—1923): "When the name of the person injured is substantial, that is to say, when the injury is to the person, as in murder, rape or wounding, and is not merely descriptive, the failure to allege the name, or, if unknown, that it is unknown, or failure to make it appear by sufficient allegation who was murdered, ravished or shot, is not a mere formal defect, and is good in arrest of judgment (a); * * *".

The "(a)" of the quoted statement directs attention to a footnote wherein the author comments: "* * * Though none of our adjudged cases says so, the several sorts of assault, malicious prosecution, *false imprisonment,* libel and slander, of course, come under this rule." (Italics ours.)

We agree with the comment that the crime of false imprisonment (and necessarily that of conspiring to commit false imprisonment) is governed by the mandatory provisions of the announced rule, now a definite article in our Code of Criminal Procedure. Unquestionably a crime of that kind is an injury to the person; certainly it is not an injury to property. It is true that after the phrase "when the injury is to the person", the article states "as in murder, rape or battery"; but obviously these offenses are mentioned merely for illustrative purposes. Moreover, the name of the person injured in the crime of false imprisonment, or in that of conspiring to commit false imprisonment, is substantial; it is not merely descriptive as might be the case in certain offenses in which damage to property is charged.

Since the information under attack neither names the person or persons upon whom defendants allegedly conspired to commit the crime of false imprisonment, nor recites that he or they are unknown, it lacks the requisite averments of Article 230 of the Code of Criminal Procedure. Accordingly, we must and do hold that it is fatally defective and is vulnerable to the motion to quash.

For the reasons assigned the conviction and sentence are reversed and set aside, the motion to quash the bill of information is sustained, and it is ordered that defendants be discharged.

PONDER, J., recused.